Bigham *vs.* Gorham.

---

BENJAMIN H. BIGHAM, plaintiff in error, *vs.* JOHN GORHAM, defendant in error.

Where under the charges of an injunction bill, the complainant has a clear right to the injunction prayed for, and on a rule to show cause the defendant does not fully answer the material charges, or answers argumentatively, it is not error in the judge to grant the injunction, and this is especially so if the charges in the bill make a case of fraud.

Injunction. Fraud. Before Judge BUCHANAN. Troup county. At Chambers. September 22d, 1874.

Gorham filed his bill against Bigham, making, in brief, this case: In April, 1860, complainant purchased from Samuel and J. W. Akers, a tract of land in Troup county, taking a deed therefor and giving his notes for the purchase money. Afterwards, during the same year, complainant sold a portion of said land to one B. M. Richardson, for $3,500 00, giving

him a deed thereto and taking his notes for the purchase money, which was to be paid in six payments, the first note being for $507 50, and due January 1st, 1861. An arrangement was then made between the said Akers and their attorney, the defendant, of the one part, and complainant of the other; by which the Richardson notes, indorsed by complainant, were turned over to the defendant, representing the Akers, as collateral security to secure the notes given by complainant. When the first one of these collaterals became due, complainant notified defendant to institute suit thereon, which was accordingly done, complainant being sued as indorser. It was subsequently ascertained that Richardson would be unable to meet his notes, whereupon an agreement was entered into between complainant and him by which the land was to be returned and the notes delivered up. Accordingly, Richardson, on the back of the deed executed by complainant, transferred and relinquished to him all claim on the land, and complainant delivered to him all of his notes except, perhaps, the one upon which suit had been brought, and if this was not returned, it was due to the fact that it was inaccessible. But whether delivered up or not, the trade between Richardson and complainant was canceled, as was well known both to the Akers and defendant, and assented to by them. Complainant has since paid Akers in full for the land, principal and interest. It was also well understood between complainant and the defendant that the suit pending against Richardson, as maker, and complainant, as indorser, on the aforesaid note should be considered settled and at an end. Notwithstanding this agreement, said defendant, without the knowledge or consent of complainant, allowed said case to remain upon the dockets of Troup superior court until the May term, 1866, when he entered a judgment in his own favor thereon. Execution issued on this judgment on June 2d, 1866, but complainant never heard either of the judgment or of the execution until early in the year 1873, when defendant mentioned the subject to him. A levy was made on April 7th, 1869, on lands which had formerly belonged to complainant,

and to which he had given a title with warranty, but no notice thereof was ever given to him. Defendant did not have said note in his possession at the time he entered the judgment in the suit against complainant and Richardson. Said levy is now being pressed to a sale. Waives discovery, and prays the writ of injunction.

The answer of the defendant presented in a most plausible manner the improbability of the facts alleged in the complainant's bill; stated that his recollection of the circumstances under which he came into possession of the note was very indistinct, but failed to deny specifically and positively the material facts charged therein.

The chancellor ordered the injunction to issue, and the defendant excepted.

B. H. BIGHAM; C. W. MABRY, for plaintiff in error.

FERRELL & LONGLEY, for defendant.

McCAY, Judge.

The defendant's answer does not meet fairly and fully the charges of the bill. The main point of the complainant's equity is the fact that the note, the foundation of the judgment sought to be enjoined, was the property of the payee of it at the time of the rescision of the land trade, and was in Mr. Bigham's possession only as the agent of the payee, and was included in the settlement. If this be so, the defendant might well fail to appear and defend, as, according to his statement and belief, it was settled. This prime fact is not denied in terms. Mr. Bigham only says he believes to the contrary; that he had at that time money to invest, and he believes he bought the note. We do not think it was error in the judge, under these circumstances, to hold up the injunction until the facts could be submitted to a jury. This court will not always interfere to overrule the court below in refusing an injunction, because the defendant in his answer meets, even by

a full denial, the charges in the bill. Especially in cases of alleged fraud will a judgment, keeping open the case for a hearing, be sustained.

Judgment affirmed.